IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY RAY MALONE, | ) |
|     Petitioner, | ) |
| vs. | ) Case No. CIV-13-1115-D |
| ANITA TRAMMELL, Warden, | ) |
|     Oklahoma State Penitentiary, | ) |
|     Respondent. | ) |

## **O R D E R**

Before the Court is Petitioner's *Motion for Discovery*. In his Motion, Petitioner asserts that even though he has continued to request discovery throughout his proceedings, there should be no assumption that prosecutors in his case have complied with their obligation under Brady v. Maryland, 373 U.S. 899 (1997), and Napue v. Illinois, 360 U.S. 264 (1959), to produce exculpatory evidence. Petitioner seeks an Order from this Court permitting him to conduct discovery of the following: (1) any and all files concerning this case held or maintained by any government entity; (2) all district attorney and/or prosecution records in this case; (3) any and all documents, recordings, or things concerning the competency proceedings held in the District Court of Comanche County, held or maintained by any government entity; (4) any and all documents, recordings, or things concerning Tammy Sturdevant's involvement in this case, including any documents reflecting promises/deals made or considered to withhold prosecution; (5) any and all documents,

recordings, or things concerning Tyson Anthony's involvement in this case, including any documents reflecting promises/deals made or considered to withhold prosecution; (6) any and all documents, recordings, or things concerning James Rosser's involvement in this case, including any documents reflecting promises/deals made or considered to withhold prosecution; (7) any and all documents, recordings, or things concerning Jamie Rosser's involvement in this case, including any documents reflecting promises/deals made or considered to withhold prosecution; (8) a description of all oral contacts and/or conversations between any government entity and mental health professionals concerning the competency proceedings conducted in the District Court of Comanche County and/or relating to the competency matters raised in Petitioner's Writ of Habeas Corpus; and, (9) a description of all oral contacts and/or conversations between law enforcement and Tammy Sturdevant, Tyson Anthony, James Rosser, Jamie Rosser, and/or Petitioner.

Discovery in capital habeas cases is governed by the Rules Governing Section 2254 Cases and the Federal Rules of Civil Procedure:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rules Governing Section 2254 Cases, Rule 6 (a) and (b).

In <u>Bracy v. Gramley</u>, 520 U.S. 899 (1997), the Supreme Court determined that the

petitioner, who was convicted before a trial judge who himself was subsequently convicted of taking bribes in criminal cases, showed "good cause" for discovery on his due process claim of actual judicial bias. The petitioner contended that although the trial judge had not been bribed in his case, the judge had an interest in a conviction to deflect suspicion that he was taking bribes in other cases. The petitioner sought discovery in his capital habeas case in support of his claim, specifically requesting the sealed transcript of the trial judge's criminal trial, reasonable access to the prosecution's materials in the trial judge's criminal trial, the opportunity to depose persons associated with the trial judge, and a chance to search the trial judge's rulings for a pattern of pro-prosecution bias. The district court rejected the fair trial claim and denied the petitioner's motion for discovery on the conclusion that his allegations contained insufficient specificity or good cause to justify discovery. Id. at 902.

The Supreme Court first noted that a habeas petitioner is not entitled to discovery as a matter of course, but may be entitled to invoke the process if the judge, in the exercise of his discretion and for good cause, grants leave to do so, but not otherwise. Id. (quoting Rule 6(a) of the Rules Governing Section 2254 Cases). There was no question that if the petitioner proved the essential elements of his claim – that the judge was biased in his case to detract attention away from other cases in which he had accepted a bribe – that his own case would violate the Due Process Clause of the Fourteenth Amendment. The Supreme Court turned, therefore, to the question of whether the petitioner had shown "good cause" for appropriate discovery.

In Harris, we stated that "where specific allegations before the court show

reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

Bracy at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

In the district court, the petitioner had raised the claim and submitted documentary support including the trial judge's indictment, newspaper articles setting out a witness's testimony at the trial describing an incident where he bribed the trial judge to fix a murder case, a copy of the government's proffer of evidence in aggravation describing in considerable detail the trial judge's corruption both before and after he became a judge and confirming that the petitioner's murder trial was sandwiched "tightly between other murder trials that [the trial judge] fixed." Id. at 906-07.

The Supreme Court determined the petitioner had shown "good cause," stating:

> Were it possible to indulge this presumption here, we might well agree with the Court of Appeals that petitioner's submission and his compensatory-bias theory are too speculative to warrant discovery. But, unfortunately, the presumption has been soundly rebutted: Maloney was shown to be thoroughly steeped in corruption through his public trial and conviction. We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged *Rosario* and *Chow* cases might attract.

Id. at 909.

In the instant case, Petitioner has failed to present any specific allegations to demonstrate a showing of good cause for discovery. Petitioner did not raise a Brady claim

4

in his Petition and also did not raise one in state court. Citation to other unrelated cases involving Brady violations alone is insufficient to state a valid basis for the requested discovery. As detailed thoroughly in the State's Response[1], Petitioner's case has twice been tried in state court. Prior to the original trial, defense counsel filed detailed motions for general discovery to which the prosecutor filed a written response stating the entire file had been copied and delivered to defense counsel and that the file remained open for counsel's review. The prosecutor filed a written list of 129 witnesses with summaries of testimony of the identified potential witnesses in Petitioner's trial. Prior to the 2010 sentencing, the prosecutor filed a Notice of Open File advising the court and counsel that all material relevant to Petitioner's case was open for inspection. This was repeated by the prosecution in its *Response to Defendant's Motion for Discovery*, along with a witnesses list and summary of expected testimony. The prosecutor's open file policy was repeated at the pre-trial conference prior to the resentencing trial, emphasizing that all statements made by the defendant to law enforcement, medical personnel, and jail and prison staff were in the possession of the defendant. Defense counsel replied he was not aware of anything that may exist that they didn't have. The details of any deals made with witnesses for their testimony were presented in Petitioner's first trial and were acknowledged by defense counsel and explored at trial.

Federal habeas is not a forum to re-litigate State trials. Autry v. Estelle, 464 U.S. 1,

---

[1] Response in Opposition to Petitioner's Motion for Discovery and Brief in Support, pp. 5-8 (Dkt. No. 32).

3 (1983); Barefoot v. Estelle, 463 U.S. 880, 887 (1983). Discovery is reserved for those situations where a petitioner demonstrates good cause by asserting specific allegations that, if fully developed, would entitle him to relief. Accordingly, Petitioner's *Motion for Discovery* (Dkt. No. 30) is DENIED.

IT IS SO ORDERED this 5th day of November, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE