# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICKY RAY MALONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1115-D |
| | ) | |
| ANITA TRAMMELL, Warden, | ) | |
| Oklahoma State Penitentiary | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

This is a 28 U.S.C. § 2254 capital habeas corpus action. Petitioner is an Oklahoma death row inmate. Before the Court is Respondent's Sealed Motion to Unseal Habeas Petition. (Doc. No. 42). Respondent requests the Court to unseal certain portions of Petitioner's Petition, and Exhibit 3 to the Petition. *Id*. at 6. Respondent also requests this Court to release the parties from its order to file future pleadings under seal, and to release the parties from its order not to disseminate the information that is currently sealed. *Id*. Finally, Respondent requests that the motion itself be unsealed. *Id*. Petitioner has responded. (Doc. No. 46).

When Petitioner initially requested the Court to seal the portions of the filings that contained sensitive materials, this Court found good cause to grant that request. (Doc. No. 23). Subsequent to that order, Petitioner filed a second application for post-conviction relief at the Oklahoma Court of Criminal Appeals ("OCCA"), which contained not only the sealed Exhibit 3, but an almost word-for-word replication of the sealed portion of the Petition.

(Doc. No. 42 at 2, Ex. 1 at 16-26). While Petitioner asked the OCCA to seal the relevant portions, the OCCA ultimately denied that request. (Doc. No. 42, Ex. 3 at 11-13). That information is therefore available to the public through the OCCA.

"Judicial documents are presumptively available to the public." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). But such documents can be sealed if "the right to access is outweighed by the interests favoring nondisclosure." *Id*. The rights of the public are "presumptively paramount." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

While the Court once found Petitioner's interests to outweigh the interest of the public, the calculus has now changed. The challenged information is currently available to the public, although not through this Court's files. Therefore, any interest in keeping the information out of the public eye is extinguished. While Petitioner argues that there is a difference in the ease of receiving electronic filings from this Court as opposed to requesting the material in person from the OCCA, that difference does not justify maintaining a seal on documents that are publicly available. The Court is also not persuaded by Petitioner's complaint that they tried to have the documents sealed by the OCCA, but were prevented by Oklahoma's procedural rules. The Court is in no position to second-guess Oklahoma's public records regulations, even if that inquiry were relevant. This Court's sole focus is on the interests at stake. Petitioner's interest is substantially weakened by the public availability of the challenged material, and is now outweighed by the presumptively paramount interest of the public.

WHEREFORE, premises considered, the Court orders (1) that the portions of the Petition that were previously sealed, specifically pages 54-64 and Exhibit 3, be unsealed; (2) Respondent's Sealed Motion to Unseal be unsealed; (3) the Court's previous sealing order (Doc. No. 23) is vacated.

IT IS SO ORDERED this 8th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE